UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:                                              :

WONDERWORK, INC.,                    :        Chapter 11

                Debtor,        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X     Case No. No. 16-13607 (SMB)
                                                    :
VINCENT A. SAMA, as Litigation Trustee of the
WW LITIGATION TRUST,                        :

              Plaintiff,        :        Adv. Pro. No. 18-01873 (SMB)

-against-                                           :

BRIAN MULLANEY, HANA FUCHS,          :
THEODORE DYSART, RAVI KANT, JOHN J.
CONEYS, STEVEN LEVITT, CLARK KOKICH,   :
STEVEN RAPPAPORT, RICHARD PRICE, and
MARK ATKINSON,                              :

             Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO WITHDRAW THE REFERENCE

John G. McCarthy
Victor M. Metsch
Edward J. Heppt
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel:    (212) 907-9700
Fax:    (212) 907-9800

*Attorneys for Defendants*
*Steven Levitt, Clark Kokich, Steven*
*Rappaport and Richard Price*

## Table of Contents

BACKGROUND ................................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

  I.  LEGAL STANDARD FOR WITHDRAWAL OF THE REFERENCE ............................ 3

  II.  WITHDRAWAL OF THE REFERENCE IS REQUIRED AS TO THE
      CLAIMS AGAINST THE MOVING DEFENDANTS BECAUSE THOSE
      CLAIMS MUST BE TRIED IN THE DISTRICT COURT ............................................... 5

      A.  The Claims Must Be Tried In District Court .............................................................. 6

      B.  This Court Should Not Delay Withdrawal Of The Reference ..................................... 8

CONCLUSION.................................................................................................................... 10

## Table of Authorities

<u>Cases</u>

*131 Liquidating Corp. v. LaSalle Capital Group, Inc. (In re 131 Liquidating Corp.)*,
222 B.R. 209 (S.D.N.Y. 1998) ............................................................................... 7, 8

*Baitinger Elec. Co., v. Daidone of New York Elec. (In re Baitinger Elec.*Co.),
 94 B.R. 33 (S.D.N.Y. 1988) ................................................................................... 7

*Cinematronics, Inc. v. Electronic Sports Research (In re Cinematronics Inc.)*,
916 F.2d 1444 (9th Cir. 1990) ................................................................................ 6

*Enron Corp. v. Telpliexus, Inc. (In re Enron Corp.)*,
2004 WL 2912893 (S.D.N.Y. Dec. 14, 2004) ........................................................ 8

*FKF 3, LLC v. Magee (In re FKF 3, LLC)*,
2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016) ..................................................... 6, 8

*Jacoby & Meyers-Bankr. LLP v. Macey (In re Jacoby & Meyers)*,
2017 WL 4838388 (S.D.N.Y. Oct. 25, 2017) ........................................................ 7

*Lehman Brothers Holdings Inc. v. HSBC Bank USA, N.A. (In re Lehman Bros. Holdings Inc.)*,
532 B.R. 203 (S.D.N.Y. 2015) ........................................................................... 5, 9

*North West Airlines Corp. v. Los Angeles Bd. of Airport Commissioners (In re Nw. Airlines Corp.)*, 384 B.R. 51 (S.D.N.Y. 2008) ................................................... 4

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
4 F.3d 1095 (2d Cir. 1993) .................................................................................. 4, 6

*Penson Financial Services, Inc. v. O'Connell (In re Arbco Capital Mgmt., LLP)*,
479 B.R. 254 (S.D.N.Y. 2012) ............................................................................... 8

*Pied Piper Casuals, Inc. v. Insurance Co. of State of Pa. (In re Pied Piper Casuals, Inc.)*,
72 B.R. 156 (S.D.N.Y. 1987) ................................................................................. 7

*Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, (In re Madoff)*,
2011 WL 2119720 (S.D.N.Y. May 23, 2011) ...................................................... 3, 4

*Solutia Inc. v. FMC Corp. (In re Solutia, Inc.)*,
2004 WL 1661115 (S.D.N.Y. July 27, 2004) ......................................................... 9

*Stern v. Marshall*,
564 U.S. 462 (2011) ............................................................................................. 4, 5

Statutes

28 U.S.C. § 157 ................................................................................................ 3, 4

28 U.S.C. § 157(b)(2) .......................................................................................... 7

28 U.S.C. § 157(d) ...................................................................................... 1, 3, 6

28 U.S.C. § 157(e) ............................................................................................... 6

Defendants Steven Levitt, Clark Kokich, Steven Rappaport and Richard Price (the "Moving Defendants") hereby submit this memorandum of law in support of their motion, pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011(a), and Local Bankruptcy Rule 5011-1, for an order withdrawing the reference of this adversary proceeding, filed by Vincent A. Sama, as Litigation Trustee of the WW Litigation Trust (the "Trustee"), from the U.S. Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") to the U.S. District Court for the Southern District of New York ("District Court"). The Trustee has demanded a trial by jury of the non-core claims he asserts against the Moving Defendants.  The Moving Defendants have not, and will not, consent to such a trial in the Bankruptcy Court. Accordingly, the District Court must withdraw the reference as to the two claims against the Moving Defendants and should do so now.

## BACKGROUND

"No good deed goes unpunished." That adage perfectly describes this action as it relates to the Moving Defendants.  The Moving Defendants agreed to join the board of directors (the "Board") of WonderWork, Inc. ("WonderWork") to help facilitate its mission.  WonderWork is a non-profit charitable organization established in 2011 to provide medical treatment to underserved communities. (Declaration of John G. McCarthy, executed on March 13, 2019 ("McCarthy Dec."), Ex. A, ¶ 5.) On December 23, 2015, WonderWork's existing Board approved the Moving Defendants as new directors. (*Id.*, ¶ 52; McCarthy Dec., Ex. B[1] at 54.)  The Moving Defendants' first Board meeting was in March 2016.  (McCarthy Dec., Ex A., ¶ 52.) A few months later, WonderWork lost a long-fought multimillion dollar arbitration over a contract dispute and was forced to file for Chapter 11 protection.  (*Id.*, ¶¶ 114–121.)

---

[1] The Complaint refers repeatedly to the Examiner's Report (discussed below). Relevant pages are attached as Exhibit B to the McCarthy Declaration.

The main bankruptcy case was assigned to Judge Stuart Bernstein for its first ten weeks, and then re-assigned to Judge Mary Kay Vyskocil.  (McCarthy Dec., ¶ 5, Ex. C.)  As part of the bankruptcy proceeding, Judge Vyskocil appointed an examiner who eventually issued a report (the "Examiner's Report") including findings of potential improprieties by WonderWork's founder and Chief Executive Officer, Brian Mullaney ("Mullaney") and other members of the Board.  (McCarthy Dec., Ex. B.) The Examiner's Report recognizes that the Moving Defendants are outside directors who did not financially gain from any of the alleged misconduct.  (*Id.*, at 256.)  On September 21, 2018, Judge Vyskocil issued an order confirming a plan of liquidation for WonderWork and immediately thereafter Judge Bernstein returned as the bankruptcy judge presiding over WonderWork's Chapter 11 case.  (McCarthy Dec., ¶ 4, Ex. C.)

On December 28, 2018, the Trustee filed this adversary proceeding against Mullaney, other officers of WonderWork, the Moving Defendants, and other members of the Board (the "Adversary Proceeding").[2] (McCarthy Dec., Ex. A.) The Trustee has demanded a trial by jury of all issues so triable.  (*Id.* at 1 & 47.)  The Moving Defendants do not consent to a jury trial in the Bankruptcy Court.  (McCarthy Dec., ¶ 8.)  While the Complaint alleges various reporting violations and breaches of fiduciary duties from 2011 through at least 2017, it centers upon the allegedly excessive nature of Mullaney's compensation and bonus package, entered into with another Board member on December 21, 2015. (*Id.*, ¶¶ 57-92; McCarthy Dec., Ex. B at 204 & Doc. Ex. 193.)  Thus, the overwhelming bulk of the misconduct alleged in the Complaint – including approval of Mullaney's compensation package – occurred <u>before</u> the Moving Defendants became directors of WonderWork.

---

[2] The Trustee has also filed an adversary proceeding against KPMG, WonderWork's former auditors.  (McCarthy Dec., ¶ 6, Ex. D.) KPMG issued unqualified audits for WonderWork through the fiscal year ending June 30, 2015. (*Id.*, ¶¶ 31–32.)  In his adversary proceeding against KPMG, the Trustee alleges that KPMG issued its last unqualified audit report on May 23, 2016. (*Id.*, ¶ 32.)

A majority of the claims in the Complaint – nine out of thirteen are alleged solely against Mullaney.  (McCarthy Dec., Ex. A, ¶¶ 145–189.)  Two claims (the Second and Third Causes of Action) are directed toward the Moving Defendants.  (*Id.*, ¶¶ 129–138.)  With respect to the Moving Defendants, the Complaint alleges breach of fiduciary duties and waste based on vague assertions that they failed to exercise adequate oversight with respect to the operations of the company. (*Id.*)  The first cause of action is against other director defendants for breach of fiduciary duties and waste before the moving Defendants joined the Board.[3]  (*Id.*, ¶¶ 124– 28.)  The fourth cause of action is against WonderWork's officers (including Mullaney) for breach of fiduciary duties and waste.  (*Id.*, ¶¶ 139–144.)

On January 25, 2019, the Bankruptcy Court approved the parties' stipulation extending until April 2, the time for all defendants to respond to the Complaint.  (McCarthy Dec., ¶ 9.) The preliminary conference, originally scheduled for February 14, was adjourned at the Trustee's request until May 23, 2019.  (*Id.*) No responsive pleadings or motions have been filed in this adversary proceeding.  (*Id.*.)

## **ARGUMENT**

## I.   **LEGAL STANDARD FOR WITHDRAWAL OF THE REFERENCE**

"The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] . … on timely motion of any party, for cause shown."  28 U.S.C. § 157(d). The Moving Defendants' motion to withdraw the reference is timely. "Courts in this Circuit have interpreted timeliness under Section 157 to mean as soon as possible after the moving party has notice of the grounds for withdrawing the reference." *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, (In re Madoff)*, No. 11 Civ. 0913 (CM), 2011 WL 2119720, at *8

---

[3] The first three claims are asserted solely against WonderWork's outside directors and are hereinafter referenced to as the "Director Breach Claims."

(S.D.N.Y. May 23, 2011) (internal quotation marks omitted). This inquiry is "made on a case-by-case, fact-specific basis." *Id.* Here, the Moving Defendants submit their motion promptly; prior to serving an answer or a dispositive motion. Accordingly, this Motion is timely.

The Second Circuit has held that, in determining whether cause for withdrawal exists, a district court should evaluate (1) whether the claim is core or non-core, (2) efficient use of judicial resources, (3) delay and costs to the parties, (4) uniformity of bankruptcy administration, (5) the prevention of forum shopping, (6) and other related factors. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).

The Second Circuit emphasizes that whether a claim is non-core, and thus cannot be decided by a Bankruptcy Court, is a threshold question "since it is upon this issue that questions of efficiency and uniformity will turn." *Orion*, 4 F.3d at 1101.  This Court can determine, in the first instance, whether a proceeding is core or non-core."  *North West Airlines Corp. v. Los Angeles Bd. of Airport Commissioners (In re Nw. Airlines Corp.)*, 384 B.R. 51, 56 (S.D.N.Y. 2008).  Where a claim is non-core, the Bankruptcy Court does not have authority to issue a final judgment without consent of the parties.

Even if a claim is "core," however, the bankruptcy court still may not have the authority to finally resolve it.  In *Stern v. Marshall,* 564 U.S. 462 (2011), the Supreme Court held that that it would be unconstitutional for bankruptcy courts to enter final judgments in certain kinds of core proceedings.  *Stern,* 564 U.S. at 502.  In *Stern,* a creditor of the bankruptcy estate filed a defamation claim against the debtor in the bankruptcy case. The debtor then filed a tortious interference counterclaim against the debtor. The Supreme Court held that, although the bankruptcy court had statutory authority under Section 157 to enter a final judgment on the

debtor's state law counterclaim, the bankruptcy court lacked constitutional authority to do so. *Stern*, 564 U.S. at 487, 499.

In determining that Article III did not permit a bankruptcy court to issue final judgment on the state law counterclaim at issue, the Court in *Stern* considered (1) whether the counterclaim involved a public or private right; (2) whether the process of adjudicating the creditor's proof of claim would resolve the counterclaim; and (3) whether the parties consented to final adjudication by the bankruptcy court.  *Lehman Brothers Holdings Inc. v. HSBC Bank USA, N.A. (In re Lehman Bros. Holdings Inc.*), 532 B.R. 203, 209 (S.D.N.Y. 2015) (citing *Stern,* 564 U.S. at 487, 498-499, 504).

Thus, in light of *Stern*, courts facing a motion for withdrawal of the reference often look at whether the bankruptcy court has the authority to finally adjudicate a matter, taking into account, *inter alia*, whether the claim will necessarily be resolved in the claims allowance process in the underlying bankruptcy case and whether the claim falls within the public rights exception. *See Stern*, 564 U.S. at 492. Although a claim may be characterized as "core," the touchstone is whether a claim can be "more accurately characterized as a private rather than a public right[.]" *Id.* (internal quotation marks omitted). If the claim is a matter of private right, then the strictures of Article III dictate that Congress cannot place the judicial power to enter final judgment on such a claim within the bankruptcy court.

## II.   WITHDRAWAL OF THE REFERENCE IS REQUIRED AS TO THE CLAIMS AGAINST THE MOVING DEFENDANTS BECAUSE THOSE CLAIMS MUST BE TRIED IN THE DISTRICT COURT

The claims against the Moving Defendants involve allegations of waste and breaches of fiduciary duties. These are common law claims which arise under state law, and are causes of action upon which the Bankruptcy Court lacks the power to conduct a jury trial absent consent.

Therefore, the reference must be withdrawn with respect to these claims. This Court may withdraw the reference as to only those claims which must be tried in the district court, and allow the Bankruptcy Court to adjudicate the remaining claims. *See FKF 3, LLC v. Magee (In re FKF 3, LLC)*, No. 13 Civ. 3601 (KMK), 2016 WL 4540842, at *19 (S.D.N.Y. Aug. 30, 2016) (although Court could have withdrawn the reference as to certain claims, it elected to withdraw the entire reference because factual similarities among the various claims would render multiple proceedings too wasteful.) Here, the two claims at issue involve similar facts and allegations and discrete time periods. The remaining claims against WonderWork's officers are not intertwined with or related to the Director Breach Claims. While the First Cause of Action involves similar claims against other directors, it covers a different period from the periods covered by the Second and Third Causes of Action.  Thus, judicial efficiency weighs in favor of withdrawing the reference as to the Second and Third Causes of Action.  Although the District Court may delay withdrawal of the reference until the action is ready for trial, considerations of judicial efficiency, and an avoidance of costs and delay dictate withdrawal of the reference of these claims at this stage.

## A. <u>The Claims Must Be Tried In District Court</u>

It is well established that a non-Article III court lacks the power to conduct a jury trial on an Article III right without the consent of the parties. 28 U.S.C. § 157(e); *Orion,* 4 F.3d at 1101. Accordingly, the fact that an adversary proceeding concerns non-core matters for which the right to a jury trial has been demanded is sufficient cause for discretionary withdrawal of reference under Section 157(d). *See id.* In fact, where a defendant has demanded a jury trial for non-core matters, it has been held that withdrawal of the reference is required.  *Cinematronics, Inc. v. Electronic Sports Research (In re Cinematronics Inc.)*, 916 F.2d 1444 (9th Cir. 1990) (holding it

was abuse of discretion not to permit withdrawal of reference of adversary proceeding of non-core matters in which nondebtor had asserted its right to jury trial); *Baitinger Elec. Co., v. Daidone of New York Elec. (In re Baitinger Elec. Co.*), 94 B.R. 33 (S.D.N.Y. 1988); *Pied Piper Casuals, Inc. v. Insurance Co. of State of Pa. (In re Pied Piper Casuals, Inc.)*, 72 B.R. 156, 160 (S.D.N.Y. 1987).

Here, the Trustee has demanded a jury trial, and none of the defendants has consented to a jury trial in the Bankruptcy Court. (McCarthy Dec., Ex. A at 1; *id.*, ¶ 9. )  The Moving Defendants have not, and will not, consent to such a trial in the Bankruptcy Court.  (McCarthy Dec., ¶ 9.)  Absent consent, claims asserted in the Complaint that are non-core claims must be tried in District Court and the reference must be withdrawn at least with respect to them. *131 Liquidating Corp. v. LaSalle Capital Group, Inc. (In re 131 Liquidating Corp.*), 222 B.R. 209, 211 (S.D.N.Y. 1998) (finding that where jury trials are demanded, any non-core matter must be tried in the district court, and therefore the only issue on the motion to withdraw the reference was whether any of the claims are non-core).

The Second and Third Causes of Action are non-core claims which must be tried in the District Court. These are state common law claims which are not within the definition of core proceedings in Section 157(b)(2) and do not invoke a substantive right provided by Title 11. They involve conduct by parties who do not have claims against the debtor.  At this point, the claims allowance process has essentially been completed.  (McCarthy Dec., ¶ 4.)  Accordingly, these are non-core claims which cannot be finally adjudicated by the Bankruptcy Court, and which must be tried in District Court. *See Jacoby & Meyers-Bankr. LLP v. Macey (In re Jacoby & Meyers)*, No. 14-10641 (SCC)*, 2017 WL 4838388 at *4 (S.D.N.Y. Oct. 25, 2017) (finding that the Trustee's common-law claims for negligence, breach of fiduciary duty, and piercing the

corporate veil involved private rights which may not be finally adjudicated by the Bankruptcy

Court); *In re 131 Liquidating Corp*., 222 B.R. at 211 ("cause" existed for withdrawal of

reference based upon non-core nature of some of the claims and parties' jury trial demands); *FKF*

*3, LLC*, 2016 WL 4540842, at *7 (withdrawing the reference because the Bankruptcy Court

lacked constitutional authority to finally adjudicate the Trustee's claim for breach of fiduciary

duty, and the Seventh Amendment required that claim to be tried in District Court);  *Penson*

*Financial Services, Inc. v. O'Connell (In re Arbco Capital Mgmt., LLP*), 479 B.R. 254, 266

(S.D.N.Y. 2012) (holding that breach of fiduciary duty, and negligence involve non-core

proceedings and are indisputably private rights).

In *In re 131 Liquidating Corp*., 222 B.R. 209, the trustee's complaint consisted of a mix

of core and non-core claims and demands for a jury trial were made. Faced with a motion to

withdraw the reference, the District Court held that, since jury trials had been demanded, "any

non-core matter must be tried in district court." *Id.* at 211. Accordingly, the District Court

withdrew the entire reference based upon the non-core nature of some of the claims alleged in

the Complaint. *Id.*

The Court's reasoning in *In re 131 Liquidating Corp* applies equally here. The claims

against the Moving Defendants are non-core and must be tried before a jury in the District Court.

Thus, withdrawal of the reference is warranted as to them.

## B.  **This Court Should Not Delay Withdrawal Of The Reference**

Even where a right to a jury trial exists, some courts will delay withdrawing the reference

until the case is ready for trial, in order to allow a bankruptcy judge who is more familiar with

the factual background preside over all pretrial proceedings. *See Enron Corp. v. Telpliexus, Inc.*

(*In re Enron Corp.),* No. 04 Civ. 7693 (RJH), 2004 WL 2912893 (S.D.N.Y. Dec. 14, 2004)

(even if the issue is determined to be non-core by bankruptcy court, district court would not

withdraw reference based on party's asserted right to jury trial, where proceeding was not yet

trial-ready). The decision to delay withdrawing the reference is often made on considerations of

judicial efficiency. In delaying withdrawal, the district courts may defer to the bankruptcy

court's expertise and familiarity with the background of the subject matter.  *Lehman Bros*., 532

B.R. at 214-215.  This defense is not warranted, however, where the claims at issue involve

questions of state law over which the bankruptcy court does not possess a unique expertise.

Thus, where the claims involve questions of state law, this factor does not weigh in favor of

withdrawing the reference. *Id.* ("[w]ith that said, the Bankruptcy Court does not have a unique

advantage as to state contract law questions…therefore, [the Bankruptcy Court Judge's]

expertise with respect to the bankruptcy proceeding does not have a bearing on this factor.").

   Here, the claims at issue involve questions of state law, and the Bankruptcy Court does

not have an expertise in litigating these issues. Moreover, the judge currently assigned to the

Adversary Proceeding has not even presided over much of the underlying Bankruptcy case.

Therefore, the benefit of a heightened familiarity with the factual issues normally attributed to

the bankruptcy court does not apply here. Judge Bernstein, who is currently presiding over the

Adversary Proceeding, was not the assigned judge for most of this case.

   Further, withdrawing the reference of the Second and Third Cause of action at this stage

would have the added benefit of avoiding delay and costs associated with a bifurcated

proceeding and a two-court review. The merits of the issues in this case have not yet been

considered or determined by the Bankruptcy Court, and adjudicating these two claims in the

District Court would prevent appeals to the District Court, and the duplicative *de novo* review by

the District Court that necessarily result any findings issued on these claims by the Bankruptcy

Court. *Solutia Inc. v. FMC Corp. (In re Solutia, Inc.)*, 2004 WL 1661115, at *3 (S.D.N.Y. July 27, 2004) ("By litigating this non-core matter in the district court, judicial resources will be conserved instead of having two courts administer two rounds of briefing and argument on the same issues").

## CONCLUSION

The Second and Third Causes of Action must be tried in the District Court and any dispositive rulings by the Bankruptcy Court must be reviewed by District Court before final judgment can be entered. Thus, withdrawal of the reference of these claims at this stage would promote judicial efficiency and avoid costs and delay. For all the reasons set forth above, the Moving Defendants respectfully request that the Court withdraw the reference as to the Second and Third Causes of Action in the Complaint.

Dated:  New York, New York
        March 14, 2019

SMITH, GAMBRELL & RUSSELL, LLP

By:_____
     John G. McCarthy
     Victor M. Metsch
     Edward J. Heppt
     *Attorneys for Defendants*
     *Steven Levitt, Clark Kokich, Steven*
     *Rappaport and Richard Price*
     1301 Avenue of the Americas, 21st Floor
     New York, New York 10019
     Tel:  (212) 907-9700

SGR/20746212.1

10