USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/23/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

WONDERWORK, INC.,

                Debtor.

VINCENT A. SAMA, as Litigation Trustee of the
WW LITIGATION TRUST,

                Plaintiff,

-against-

BRIAN MULLANEY, HANA FUCHS,
THEODORE DYSART, RAVI KANT, JOHN J.
CONEYS, STEVEN LEVITT, CLARK KOKICH,
STEVEN RAPPAPORT, RICHARD PRICE, and
MARK ATKINSON,

                Defendants.

19 Civ. 2302 (AT)

Chapter 11

Case No. 16-13607-SMB

Adv. Proc. No. 18-01873-SMB

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court is the motion of Defendants Steven Levitt, Clark Kokich, Steven Rappaport, and Richard Price (the "Moving Defendants") to withdraw the reference of certain causes of action to the United States Bankruptcy Court for the Southern District of New York. ECF No. 1. For the reasons stated below, that motion is DENIED without prejudice.

## BACKGROUND

    The following facts are drawn from the parties' filings and are not in dispute. The Moving Defendants were members of the board of directors of WonderWork, Inc. ("WonderWork" or "Debtor"), a nonprofit charitable organization established to provide medical treatment to underserved communities. Def. Mem. at 1, ECF No. 1-6. On December 29, 2016,

WonderWork filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York.  Pl. Opp. at 4, ECF No. 7.  The bankruptcy judge appointed an examiner who eventually issued a report, which determined that WonderWork's chief executive officer and members of its board had engaged in improper conduct.  Def. Mem. at 2; Pl. Opp. at 5.  On December 28, 2018, the bankruptcy trustee commenced an adversary proceeding against the CEO, Moving Defendants, and other members of the board of directors.  Def. Mem. at 2; Pl. Opp. at 6–7; *see* Adv. Compl., ECF No. 1-2.  Counts I, II, and III of the adversary complaint asserted claims for breach of fiduciary duty and corporate waste against the directors (the "Claims"), Adv. Compl. ¶¶ 124–138; the complaint also set forth causes of action against the CEO for breach of fiduciary duty, constructive fraudulent conveyance, fraudulent conveyance, fraudulent transfer, avoidance and recovery of preferential transfer, avoidable transfer, breach of contract, unjust enrichment, and disallowance of claim, *id.* ¶¶ 139–189.[1]

On March 14, 2019, Moving Defendants filed a motion requesting that this Court withdraw the reference to the bankruptcy court for Counts II and III of the adversary complaint.  ECF No. 1.  On March 29, 2019, Defendants Theodore Dysart, Mark Atkinson, and John J. Coneys filed responses supporting Moving Defendants' motion, ECF Nos. 4, 5, 6.  In addition, Dysart and Coneys asked that the Court withdraw the reference as to Count I as well, ECF No. 4 at 3; ECF No. 6 at 2.  Also on March 29, 2019, Plaintiff opposed the motion to withdraw.  ECF No. 7.  Moving Defendants filed a reply on April 5, 2019, ECF No. 12, and Plaintiff filed a surreply on April 22, 2019.

---

[1] Pursuant to the standing order issued in Case No. 12 Misc. 32, all proceedings arising under the bankruptcy code or arising in or related to a case under the bankruptcy code are automatically referred to the bankruptcy judges for this district.

**ANALYSIS**

I. Legal Standard

In *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993), the Second Circuit set forth the factors a district court should consider in ruling on a motion to withdraw the reference. *Orion* held that the district court should consider several factors: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Id.* In *Stern v. Marshall*, 564 U.S. 462, 503 (2011), the Supreme Court clarified that the adjudicatory power of bankruptcy courts does not turn solely on whether a claim is core or non-core, which goes to the court's statutory authority, but also whether resolution of the claim would improperly involve an exercise of Article III "judicial power" by the bankruptcy court. Under *Stern*, a bankruptcy court's ability to render a final decision consistent with Article III turns on: "(1) whether the counterclaim involved a public or private right; (2) whether the process of adjudicating the creditor's proof of claim would resolve the counterclaim; and (3) whether the parties consented to final adjudication by the bankruptcy court." *In re Lehman Bros. Holdings Inc.*, 532 B.R. 203, 209 (S.D.N.Y. 2015)

In the wake of *Stern*, several courts in this district have modified the *Orion* factors. Under the current analysis, "the Court considers first whether [the] Bankruptcy Court has the authority to finally adjudicate the . . . claims, then addresses the remaining *Orion* factors, including whether the claim is 'legal or equitable,' followed by 'considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law.'" *Mazer-Marino v. Macey (In re Jacoby & Meyers–Bankr. LLP)*, No. 15 Civ. 7144, 2017 WL 4838388, at *3 (S.D.N.Y. Oct. 25, 2017) (quoting *Orion*, 4 F.3d at 1101).

II. Application

"The primary factor in deciding a motion to withdraw is whether or not the Bankruptcy Court has the authority to finally determine the . . . [c]laims." *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 469 (S.D.N.Y. 2011). A recent decision by another court in this district, *In re: FKF 3, LLC*, thoroughly analyzed whether claims for fraudulent transfer and corporate waste under state law are *Stern* claims, and whether parties are entitled to a trial by jury on such claims if they so demand. *See In re: FKF 3, LLC*, 13 Civ. 3601, 2016 WL 4540842, at *7, *16–17 (S.D.N.Y. Aug. 30, 2016). The Court finds that analysis persuasive and largely applicable in this case. It is clear that "[b]reach of [f]iduciary [d]uty and [c]orporate [w]aste . . . are state common law causes of action that, absent other circumstances, do not qualify as public rights over which the [b]ankruptcy [c]ourt has final adjudicative authority." *Id.* at *7 (collecting cases). Plaintiff argues that one of the Claims, Count III, is a core claim because it arose after the debtor filed for bankruptcy, Pl. Opp. at 8, but does not suggest any special circumstances that would give the bankruptcy court authority to finally decide that claim, much less Counts I or II. The Court, therefore, finds that the Claims cannot be finally determined by the bankruptcy court.

Moreover, the Claims are for compensatory damages. Adv. Compl. ¶¶ 127–128, 132–133, 137–138. Although claims for breach of fiduciary duty and waste have both legal and equitable components, "where the plaintiff seeks 'only to recover funds attributable to plaintiff's loss, not the defendant's unjust gain,' the action seeks compensatory damages and is legal in nature." *Soley v. Wasserman*, No. 08 Civ. 9262, 2013 WL 1655989, at *2 (S.D.N.Y. Apr. 17, 2013) (quoting *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005)) (alterations omitted). Thus, "at bottom, the . . . claims for breach of fiduciary duty . . . seek a legal remedy," which gives

Defendants a right to a jury trial under the Seventh Amendment. *FKF 3*, 2016 WL 4540842 at *17.

"[A] party's right to a jury trial, combined with a finding that the claim cannot be finally adjudicated by a bankruptcy court, may *require* the Court to withdraw the reference when the case is ready to proceed to trial." *Id.* at *14 (collecting cases). This case is not yet ready to proceed to trial, however, and the Court is persuaded that it should not withdraw the reference until it is. "While there is no question that this case must return to the District Court if and when there is a jury trial, at the present infant stage of the proceeding the issue of withdrawal is discretionary and turns largely on considerations of judicial economy." *Gucci by Armstrong v. Gucci*, No. 96 Civ. 8216, 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997). Faced with state law breach of fiduciary duty and corporate waste claims, courts in this circuit have regularly declined to withdraw the reference prior to the claims being ready for trial in order to promote judicial efficiency. *See, e.g.*, *In re Nat'l Risk Assessment, Inc.*, No. 14 Civ. 11886, 2019 WL 234659, at *3 (W.D.N.Y. Jan. 16, 2019); *In re Extended Stay, Inc.*, 466 B.R. 188, 205–07 (S.D.N.Y. 2011); *In re Magnesium Corp. of Am.*, No. 04 Civ. 1357, 2004 WL 1161172, at *2–3 (S.D.N.Y. May 24, 2004); *cf. In re Sheldrake Lofts LLC*, No. 14 Civ. 4274, 2014 WL 6450340 at*3–4 (S.D.N.Y Nov. 14, 2014) (denying motion to withdraw the reference on breach of fiduciary duty claims determined to be *Stern* claims, but noting that defendants had waived a jury trial).

Many of the same considerations that warranted denial of the motions to withdraw the reference in those cases apply here as well. As Plaintiff points out, the fraudulent transfer claims against the WonderWork CEO are core, non-*Stern* claims that will proceed before the bankruptcy court. Pl. Opp. at 10–11. The Claims against the directors arise out of the directors'

5

supervision of the CEO's conduct. *Id.* at 11. It would be nonsensical for discovery and pretrial supervision of those two sets of claims to proceed in separate courts. *See Magnesium Corp.*, 2004 WL 1161172, at *2 ("[G]iven the factual intertwinement of the core and apparently non-core claims, it would be highly inefficient for the core claims to remain in the bankruptcy court and the non-core claims to proceed in the district court."). Moreover, in handling the claims against the CEO, the bankruptcy judge will undoubtedly also become familiar with the facts of the Claims. And, although final disposition of the Claims must be in this Court, allowing pretrial litigation to proceed in bankruptcy court will promote consistent resolution of issues that may arise prior to that point.

Moving Defendants argue that the filing of motions to dismiss in the bankruptcy court last year means that the case will necessarily come before this Court much sooner than when it is ready for trial, because the Court will be required to review *de novo* objections to the bankruptcy court's resolution of the motions. Reply at 3–5. The bankruptcy court granted in part and denied in part Defendants' motions earlier this month. *See* Case No. 18-1873 (Bankr. S.D.N.Y.), ECF No. 70, at 32–38. Plaintiff correctly points out that "[i]n adversary proceedings, orders dismissing fewer than all claims are considered to be interlocutory," and, therefore, do not require the submission of proposed findings of fact and conclusions of law to this court. *In re Trinsum Grp., Inc.*, 467 B.R. 734, 740 (Bankr. S.D.N.Y. 2012) (collecting cases); *see* Surreply at 2–3. Moreover, "[p]arties frequently appeal bankruptcy court decisions to the district court; this is not delay but the usual process." *Extended Stay*, 466 B.R. at 206. Indeed, the process of litigating motions in the bankruptcy court may narrow the issues that this Court ultimately needs to rule on *de novo*, thereby promoting, not hindering, efficient resolution of the case.

6

## CONCLUSION

Efficient use of judicial resources, reducing delay and cost to the parties, and uniform bankruptcy administration are all served by not withdrawing the reference until these claims are ready for trial.

Accordingly, Defendants' motion to withdraw the reference is DENIED, without prejudice to renewal when the claims are ready for trial.

The Clerk of Court is directed to terminate the motion at ECF No. 1, and close the case.

SO ORDERED.

Dated: January 23, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge